Richard A. Doak and Judith Doak, his wife, Appellants *v.* Zoning Hearing Board, South Strabane Township, Appellee.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*George Retos, Jr., George Retos, Jr. & Associates,* for appellants.

*Sherman H. Siegel,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., November 17, 1983:

Richard A. Doak and Judith Doak, his wife, have appealed from an order of the Court of Common Pleas of Washington County dismissing their appeal from the decision of the Zoning Hearing Board of South Strabane Township (Board). The Board had entered a decision denying the Doaks' request to continue or change a nonconforming use on the grounds that the previous owner of the subject property had abandoned the nonconforming use.

In September of 1979, the appellants purchased a property located at 805 Manifold Road, Washington, Pennsylvania, from the estate of Eleanor Hudak. Eleanor Hudak had been the surviving spouse of Michael Hudak, who passed away in August of 1977. There is situated on the property a two-story building which has a garage bay on the first floor and an apartment on the second floor. For many years prior to Michael Hudak's death in August, 1977, he had used the first floor as an auto repair shop and the second floor as the living quarters for himself and his family. As a result of the enactment of the South Strabane Township Zoning Ordinance (Ordinance) in May, 1977, the Hudak property was zoned "R-2 Suburban Low Density Residential." However, under the Ordinance, Mr. Hudak's use of the first floor as an auto repair shop was allowed to continue as a prior nonconforming use. When the Doaks purchased the Hudak property, Mr. Doak proposed to use the first floor as an auto *body* shop, in addition to the auto *repair* shop previously operated by Michael Hudak. Accordingly, the Doaks applied to the Zoning Inspector for a permit to operate an auto repair and body shop on the property.

The Zoning Inspector denied the Doaks' application; thereupon, they applied to the Board for a special exception. The Board held public hearings on April 24, and June 5, 1980. On June 5, 1980 the Board concluded that financial hardship was not a sufficient basis on which to grant a special exception. The Board further concluded that the nonconforming use operated by Michael Hudak had been discontinued for more than a year and was therefore abandoned. Section 601.2 of the Ordinance provides that, "[i]f a nonconforming use of land ceases operation for a continuous period of more than one (1) year, then this should be deemed to be an intent to abandon such use and any subsequent use of land shall conform to the regulations of this Ordinance." Consequently, the Board determined that any subsequent use of the property by the Doaks must conform to the regulations of the Ordinance; that is, the property could be used only for residential purposes. The Doaks then appealed to the Court of Common Pleas of Washington County.

The trial court held evidentiary hearings on March 18, and June 25, 1981, After considering all of the evidence, the trial court dismissed the Doaks' appeal. The trial court concluded that the appellants' proposed use of their property as an auto body shop would not be an allowable extension of the prior nonconforming use. Moreover, the trial court found that the property had not been used as a commercial auto repair shop since the death of Michael Hudak in August of 1977, and that, hence, the prior nonconforming use had ceased for a continuous period of more than one year. Thus, the trial court concluded that the prior nonconforming use had been abandoned.

When, in a zoning case, the trial court takes additional evidence, our review is limited to determining if the court committed an abuse of discretion or an error of law. *Mont-Bux, Inc. v. Township of Chelten-*

*ham,* 36 Pa. Commonwealth Ct. 397, 388 A.2d 1106 (1978). In the instant case, we need not address the question of whether the automobile *body* shop proposed by Mr. Doak constituted a significant departure from the property's former use as an automobile *repair* shop. In our view, the record supports the trial court's conclusion that the prior nonconforming use had been abandoned even before the Doaks purchased the property.

Among the trial court's findings was a determination that, after the death of Michael Hudak, the first-floor garage was never again used as an automobile repair shop *on a commercial basis,* but was used only by family members and friends who occasionally availed themselves of the tools and equipment to work on their vehicles. That finding is supported by the testimony of the decedent's daughter and the testimony of a neighbor. Consequently, we must sustain the trial court's conclusion that the prior nonconforming use, a repair shop, had been abandoned under Section 601.2 of the Ordinance.

Although the Doaks, in the proceedings below, described their application to the Board as being one for a "special exception," they have not presented us with any provisions of the Ordinance governing special exceptions. Moreover, even if there are any such provisions that could afford a basis for relief, the Doaks make no such argument in this appeal. The only arguments propounded by the appellants are ones challenging the above-mentioned conclusions of the trial court.

We affirm the trial court's order.

### Order

And Now, the 17th day of November, 1983, the order of the Court of Common Pleas of Washington County dated November 10, 1981, at No. 359 of June Term 1980, is hereby affirmed.